IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

FILED
MAY 28 2010
U.S. BANKRUPTCY COURT
BY_____ DEPUTY

| | |
|---|---|
| In re: | Chapter 11 |
| Bosque Power Company, LLC, *et al.* | Case No. 10-60348 (RBK) |
| Debtors. | Jointly Administered |

**MOTION OF FORTUNE ELECTRIC CO., LTD. TO COMPEL ASSUMPTION OR REJECTION OF EXECUTORY CONTRACT PURSUANT TO 11 U.S.C. § 365**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Fortune Electric Co., Ltd. ("Fortune Electric"), by and through its attorneys, The Chartwell Law Offices, LLP, hereby files this *Motion of Fortune Electric Co., Ltd. to Compel Assumption or Rejection of Executory Contract Pursuant to 11 U.S.C. § 365* (the "Motion"), and in support hereof, respectfully avers as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3. Venue of these Chapter 11 cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a); 365(a) and 365(d)(2).

### BACKGROUND

5. On March 24, 2010 (the "Petition Date"), the above-captioned Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing these cases (the "Chapter 11 Cases").

6. The Debtors are operating their business and managing the estate as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases and, as of the date of the filing of this Motion, no official committees have been appointed or designated.

7. On or about July 27, 2007, the Debtors issued a purchase order (the "Purchase Order") to Fortune Electric for one electrical transformer (the "Transformer"), to be designed and manufactured according to specifications supplied by the Debtors. A true and correct copy of the Purchase Order is attached hereto as Exhibit "A."

8. Fortune Electric accepted the offer embodied in the Purchase Order when Jean Hsu, Director of Fortune Electric's International Division and Michael P. Witzing, Executive Vice President of Bosque Power Company, LLC, one of the Debtor entities, executed the confirming copy of the Purchase Order (the "Confirmation"). A true and correct copy of the Confirmation is attached hereto as Exhibit "B."

9. The Purchase Order provided that the Transformer was to be delivered on or before August 1, 2008. *See* Exhibit A, at p. 1.

10. In exchange for designing and manufacturing the Transformers, the Debtors agreed to pay Fortune Electric the aggregate sum of $2,153,200.00. *See* Exhibit A, at p. 1. Of this amount, the terms and conditions (the "Terms and Conditions," together with the Purchase Order, the "Contract") incorporated the Contract provided for retention of 10% of the purchase price to defray the cost of field work and/or to ensure that Fortune Electric provided all items ordered, including spare parts and documentation. *See* Exhibit A, at ¶ 25.

11. Regarding payment of the 10% retention to Fortune Electric, the Contract provides that "[r]etention shall become due 6 months after satisfactory completion of energization of the unit and in no event later than June 1, 2009." *See* Exhibit A, at ¶ 25.

12. The retainer was not paid to Fortune Electric in accordance with the provisions of the Contract and the Debtors have not paid various other obligations to Fortune Electric. Accordingly, the Debtors have defaulted under the provisions of the Contract. Currently, the amount due and owing from the Debtors to Fortune Electric amounts to $235,320.00 (the "Amount Due"). True and correct copies of invoices are attached hereto as Exhibit "C."

13. As payment of the amounts due to Fortune Electric remains outstanding, the Debtors are currently obligated to tender proper payment under the Contract.

14. On April 21, 2010, the Debtors wrote to Fortune Electric and invoked the warranty provisions of the Contract (the "April 21, 2010 Letter"). A true and correct copy of the April 21, 2010 Letter is attached hereto as Exhibit "D."

15. Since first learning of a possible defect in the manufacture or design of the Transformer, Fortune has undertaken significant investigation to ascertain the cause of the alleged Defect.

16. On April 30, 2010, the Debtors wrote to Fortune Electric, discussed the alleged defect in the Transformer and requested a meeting pursuant to Article 29 of the Terms and Conditions (the "April 30, 2010 Letter"). A true and correct copy of the April 30, 2010 Letter is attached hereto as Exhibit "E."

17. On May 15, 2010, the Debtors wrote to Fortune Electric (the "May 15, 2010 Letter"). In the May 15, 2010 Letter, the Debtors agreed Fortune Electric's request that the dispute resolution meeting to June 2, 2010,[1] acknowledged that Fortune Electric was investigating the alleged defect and requested additional documents from Fortune Electric pursuant to Article 29 of

---

[1] Fortune Electric has sought to confirm the time and location of the June 2, 2010 meeting; as of the date of this Motion, the Debtors have not responded.

the Terms and Conditions. A true and correct copy of the May 15, 2010 Letter is attached hereto as Exhibit "F."

18. While Fortune Electric has reason to believe that the Transformer vibrations alleged by the Debtors are the result of the Debtors erecting a post-installation housing for the Transformer at issue, Fortune Electric continues to investigate the cause of the alleged defect and is performing all obligations under the Contract in good faith.

19. Fortune Electric's warranty obligations under the Contract represent a material unperformed obligation.

20. The Debtors' obligation to pay Fortune the Amount Due under the Contract is a material unperformed obligation.

21. The parties' participation in the dispute resolution under the Contract is a mutual material unperformed obligation.

22. As both parties owe material unperformed obligations under the Contract, the Contract constitutes an executory contract that must be assumed or rejected.

23. In addition to the pre-petition executory obligations of the Debtors and Fortune Electric, the Debtors' invocation of the warranty provisions after the Petition Date and Fortune's response to same constitute a post-petition transaction and the costs incurred in connection therewith may be recoverable under the Bankruptcy Code.

**RELIEF REQUESTED AND REASONS THEREFOR**

24. The Bankruptcy Code allows the debtor in possession to maximize the value of a debtor's estate by assuming executory contracts or unexpired leases that benefit the estate and by rejecting those that do not. *In re Nat'l Gypsum Co.*, 208 F.3d 498, 505 (5th Cir. 2000). Section 365 of the Bankruptcy Code provides, in pertinent part, as follows:

> (a) Except as provided in . . . subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.
>
> (b)(1) If there has been a default in an executory contract or unexpired lease of the debt the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee:
>
>> (A) cures, or provides adequate assurance that the trustee will promptly cure such default;
>> (B) compensates or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>> (C) provides adequate assurance of future performance

11 U.S.C § 365.

25. Moreover, the Bankruptcy Code provides that a party may seek an order compelling a debtor or trustee to assume or reject an executory contract:

> In a case under chapter 9, 11, 12, or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor at any time before the confirmation of a plan but the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

11 U.S.C. § 365(d)(2).

26. An executory contract is a contract where "performance remains due to some extent on both sides." *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62-63 (5th Cir.1994) (citing *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 522 n. 6, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984) (quoting H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 347 (1977), U.S. Code Cong. & Admin. News 1978, pp. 5963, 6303, 6304)). When applying this standard, the courts look to whether "at the time of the bankruptcy filing, the failure of either party to complete performance would constitute a material breach of the contract, thereby excusing the performance of the other party." *Id.*

27. In the matter *sub judice*, the Purchase Order constitutes an offer, the Confirmation constitutes an Acceptance and the Contract, together with the parties' performance, constitutes consideration.

28. For the purposes of this motion, the salient inquiry is whether the contract is "executory" under the Bankruptcy Code and applicable case law. Under the standard articulated above, the contract between the parties is executory if each party owes performance that would constitute a material breach if unperformed. Clearly, non-payment of the amounts due and owing from the Debtors to Fortune Electric qualifies as a material unperformed obligation. Similarly, if Fortune Electric did not perform its warranty obligations, it would be in material breach of the agreement. Moreover, the executory nature of the Contract is confirmed by the letters exchanged between the Debtors and Fortune Electric after the Petition Date. For these reasons, the contract between the parties is executory in nature and must be assumed or rejected.

29. Once a contract is deemed executory, the Court may order the debtor or trustee to assume or reject the contract within a specific period of time. *See* 11 U.S.C. § 365(d)(2). Fortune Electric respectfully submits that it is necessary and appropriate for This Honorable Court to compel assumption or rejection of the contract within a short period of time. This request is justified insofar as the Debtors are demanding that Fortune Electric perform its warranty obligations immediately and Fortune Electric is currently performing under the contract in good faith and is consequently incurring costs.

30. Fundamental fairness requires that Fortune Electric's ongoing performance entitles it to have the Debtors' payment default cured. Specifically, the Debtors must pay the Amount Owed to cure the existing default. To hold otherwise would force Fortune to perform on an executory contract that could be rejected after Fortune Electric satisfies its warranty obligations. For these

reasons, Fortune Electric requests that This Honorable Court require the Debtors to assume or reject the contract with Fortune Electric within fourteen (14) days of entry of an order on this motion.

WHEREFORE, Fortune Electric Co., Ltd. respectfully requests that This Honorable Court grant its Motion and order the Debtors to assume or reject the executory contract between the parties within fourteen (14) days of entry of an order hereon, together with such other and further relief as is just and proper.

Respectfully submitted,

THE CHARTWELL LAW OFFICES, LLP

Date: May 28, 2010

By: _____
Sergio C. Muniz, Esquire
5160 N. Harbor City Blvd.
Melbourne, Florida 32940
Telephone: (321) 253-4114
Facsimile: (321) 253-4116
smuniz@chartwelllaw.com

-and-

THE CHARTWELL LAW OFFICES, LLP
Ron L. Woodman, Esquire
970 Rittenhouse Road, Suite 300
Eagleville, PA 19403
Telephone: (610) 666-7700
Facsimile: (610) 666-7704
rwoodman@chartwelllaw.com
*Lead Counsel for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2010, a true and correct copy of the foregoing document was served via e-mail on the parties who receive electronic notice in these cases pursuant to the Court's ECF filing system. I further certify that on May 28, 2010, a true and correct copy of the foregoing document will be served upon all parties on the attached Master Service List via e-mail or United States first class mail, postage prepaid.

Proskauer Rose LLP
Jeff J Marwil
70 West Madison Ste 3800
Chicago, IL 60602

Proskauer Rose LLP
Peter J Young
70 West Madison Ste 3800
Chicago, IL 60602

Qwest Communications
Business Services
PO Box 856169
Louisville, KY 40285

Safety Kleen Systems Inc-TX
PO Box 650509
Dallas, TX 75265

Securities and Exchange Commission
James A Clarkson Regional Director
3 World Financial Center Ste 400
New York, NY 10038-3804

Securities and Exchange Commission
100 F Street NE
Washington, DC 20549

State Comptroller of Public Accounts
Revenue Accounting Division Bankruptcy Section
PO Box 13528
Austin, TX 78778

Stuber Cooper Voge PLLC
Alan J Rosenberg
2600 Network Blvd Ste 305
Frisco, TX 75034

Stuber Cooper Voge PLLC
Jamey L Voge
2600 Network Blvd Ste 305
Frisco, TX 75034

Texas Alcohol Beverage Commission
Licenses and Permits Division
PO Box 13127
Austin, TX 78711-3127

Texas Attorney General
PO Box 12548
Austin, TX 78711-2548

Texas Valve & Fitting Co
10460 Miller Rd
Dallas, TX 75238

Texas Workforce Commission
Waco Tax Office
5016 Lakeland Circle Ste B
Waco, TX 76710

Union Bank of California NA as Second Lien Collateral Agent
551 Madison Ave 11th Fl
New York, NY 10022

United States Attorney for the Western District of Texas
John E Murphy First Asst US Attorney
United States Attorneys Office
601 NW Loop 410 Ste 600
San Antonio, TX 78216

United States Attorney for the Western District of Texas
Mark Frazier Chief
United States Attorneys Office
800 Franklin Ave Ste 280
Waco, TX 76701

United States Attorney General
Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530

United States Department of Justice
United States Attorney
601 N W Loop 410 Ste 600
San Antonio, TX 78216

United States Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Ave NW
Washington, DC 20460

United States Environmental Protection Agency Region 6
Fountain Place 12th Fl Ste 1200
1445 Ross Ave
Dallas, TX 7502-2733

United States Trustee
903 San Jacinto Ste 230
Austin, TX 78701

Univar USA Inc
PO Box 849027
Dallas, TX 75284

Vinson & Elkins
First City Tower
1001 Fannin St Ste 2500
Houston, TX 77002-6760

Zokman Products Inc
1220 East Gump Rd
Ft Wayne, IN 46845